UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CV614-063 |
| MANUEL SUCHIL doing business as Suchil Carpentry; and ROBERT WILLIAMS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This Court's case-management Order directed plaintiff Atlantic Casualty Insurance Company to show why its case should not be dismissed on Fed. R. Civ. P. 41(b), L.R. 41(b) grounds and, with respect to defendant Manuel Suchil, on Fed. R. Civ. P. 4(m) grounds. Doc. 16. Plaintiff shows that it timely served Suchil and that complicated bankruptcy, lien, and mediation issues justify the extended period of docket inactivity here. *Id.* at 1-6. It also represents that "[t]he underlying case has now been settled in principle. For these reasons,

Atlantic respectfully requests that the Court allow the instant case to remain on its inactive docket until such time as the underlying case is resolved." *Id.* at 7.

The request is granted, and this case is **ADMINISTRATIVELY CLOSED** without prejudice to the right of any party with standing to reopen it. *See, e.g., In re Heritage Southwest Medical Group PA*, 464 F. App'x 285, 287 (5th Cir. 2012) ("administrative closure does not have any effect on the rights of the parties and is simply a docket-management device."). Should this litigation settle, any party with standing may move to reactive this case *if* settlement-enforcement is sought. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994); *Am. Disability Ass'n v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002). Alternatively, the parties may elect to take no further action -- they will have settled, after all -- in which case this action will simply remain closed.

**SO ORDERED,** this 28th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2